**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 11-cr-00406-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    MANUEL SANTISTEVAN,
2.    DANIEL SHAW,
3.    DUSTIN PFEIFFER,

    Defendants.

---

**ORDER MODIFYING COURT'S RULING ON
IMPEACHMENT BY EXTRINSIC EVIDENCE**

---

This matter is before the Court on supplemental briefing in connection with the Government's "Motion in Limine Regarding the Use of F.B.I. Reports as Evidence and for Impeachment Purposes." (Doc. # 130.) For the reasons that follow, the Court modifies it previous preliminary ruling and will allow Defendants to use extrinsic evidence of prior inconsistent statements to impeach Government witnesses.

### I. BACKGROUND

Defendants in this case are charged in a single-count Indictment with having committed aggravated sexual abuse of a federal prisoner, Trent Hix, in violation of 18 U.S.C. § 2241(a)(1). (Doc. # 1.) The Government is planning on eliciting testimony at trial from Hix and Ryan Greeves, another federal prisoner, who witnessed at least some portion of the alleged assault. Both Hix and Greeves were interviewed several times by

law enforcement officers, who subsequently created reports of the interviews. Defendants Pfeiffer and Shaw have asserted that the reports contain inconsistent statements made by Hix and Greeves during their separate interviews.

On May 22, 2012, the Government filed a motion *in limine*, requesting that the Court issue an order to preclude the use of the interview reports (1) as substantive evidence and (2) for impeachment purposes.[1]

At the June 20, 2012 motions hearing, the Court ruled that, because the interview reports were not given under penalty of perjury at a trial, hearing, other proceeding, or in a deposition, they were inadmissible as substantive evidence under Federal Rule of Evidence 801(d)(1)(A).[2]

The Court also ruled preliminarily as to the use of such reports for impeachment purposes. Relying upon *United States v. Shannahan,* 605 F.2d 539 (10th Cir. 1979), and *United States v. Hill*, 526 F.2d 1019 (10th Cir. 1975), the Court ruled that interview reports cannot be used to impeach a witness unless the statements contained therein satisfy one of the requirements of Fed. R. Crim. P. 26.2(f), which defines a witness's "statement" as:

> (1)  a written statement that the witness makes and signs, or otherwise adopts or approves;
> (2)  a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or
> (3)  the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

---

[1] Defendant Pfeiffer filed a brief in opposition on May 25, 2012. (Doc. # 136.)

[2] This ruling has not been challenged and will not be addressed further here.

(Doc. # 192 at 20.)  Agreeing with the Government's argument, the Court stated that "a witness cannot be impeached by another person's interpretation or characterization of his statement unless one of these three elements has been satisfied." (*Id.* at 20-21.)

Finally, the Court questioned whether, for these same reasons, the Defendants should be allowed to elicit impeachment testimony from the author(s) of the interview reports.  Because the issue of extrinsic evidence to impeach continued to gnaw at the Court in the context of the issues presented in this case, at the conclusion of the June 29, 2012 Final Trial Preparation Conference, the Court requested supplemental briefing on these issues.  The Court has received filings from the Government (Doc. # 208), Defendant Shaw (Doc. # 206), and Defendant Pfeiffer (Doc. # 207).  In addition, the Court has conducted its own research and has reassessed the propriety of its original position.

## II.  DISCUSSION

Federal Rule of Evidence 607 states, "Any party, including the party that called the witness, may attack the witness's credibility."  One common method of doing so is to impeach the witness with a prior inconsistent statement made by that witness.  When proof of such a statement goes beyond merely questioning the testifying witness and, therefore, involves the use of extrinsic evidence, FRE 613 is the controlling rule. It provides, in pertinent part: "Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires."

This evidentiary rule is distinct from the requirements at issue in Fed. R. Crim. P. 26.2, which addresses the obligation of counsel to produce certain statements made by a witness who testifies at trial. It is also distinct from the substantially identical requirements of the Jencks Act, 18 U.S.C. § 3500(e),[3] on which the *Shannahan* court relied. Neither Fed. R. Crim. P. 26.2 nor the Jencks Act propound evidentiary rules. After reviewing the cases again, the Court realized that, although both *Shannahan* and *Hill* addressed an evidentiary matter, the analysis in the cases was entirely dependent on the definition of the word "statement" under Fed. R. Crim. P. 26.2 or 18 U.S.C. § 3500(e), which, again, are not evidentiary rules. Neither opinion addressed how FRE 613 fits into the evidentiary analysis, *i.e.*, whether a witness can be impeached under FRE 613 with a prior inconsistent statement contained in an interview report.

Accordingly, because the evidentiary rulings of both of these cases failed to consider the Federal Rules of Evidence, the Court believes that relying upon them to determine the evidentiary question in this case would be erroneous, especially given the importance of ensuring that Defendants' due process rights are safeguarded. Defendants seek to use the evidence at issue here solely for impeachment purposes and, due to the fact that the statements at issue are directly relevant to the charges in

---

[3] 18 U.S.C. § 3500(e) defines a witness's "statement" as: "(1) a written statement made by said witness and signed or otherwise adopted or approved by him; (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury."

this case, such impeachment may well prove significant to Defendants in the context of trial.  Precluding the use of important impeachment evidence could stifle Defendants due process rights.  *Cf. United States v. Miller*, 499 F.2d 736, 744 (10th Cir. 1974) ("the government's suppression of beneficial impeachment evidence affecting the credibility of a key prosecution witness may result in such unfairness as to violate due process").  Therefore, the Court hereby modifies its order on the use of extrinsic evidence to impeach a witness at trial.

Defendants will not be precluded from using extrinsic evidence to impeach a witness, provided an appropriate foundation for such evidence is laid pursuant to FRE 613, *i.e.*, the statement at issue must be inconsistent with the witness's trial testimony, although it need not be diametrically opposed to be inconsistent,[4] and the witness must be given an opportunity to explain or deny the statement.  In short, the witness first must be asked whether or not he made the statement.  If the witness admits to having made a prior inconsistent statement, then use of impeachment evidence under FRE 613 would be inappropriate.  *See, e.g.*, *United States v. LaVallee*, 439 F.3d 670, 694 (10th Cir. 2006).  If, however, the witness denies having made the prior inconsistent statement, then extrinsic evidence of the prior inconsistent statement may be offered.  Generally, such extrinsic evidence is the written statement itself, if given under oath or otherwise adopted by the witness.  In this situation, however, because the statements written in the reports were not given under oath and there is no evidence that the

---

[4] *United States v. Denetclaw*, 96 F.3d 454, 458 (10th Cir. 1996) (quotation marks and citation omitted).

witness ever saw such statements, much less adopted them, the extrinsic evidence must, absent extraordinary circumstances, be via the testimony of the person to whom the statement was allegedly made.

In this case, as recognized by the Government in Doc. # 208 at 7 n.2, extraordinary circumstances exist with respect to inconsistent statements that may be found in those interview reports that were both (1) authored by Task Force Officer Gregg Slater, who is in Afghanistan and, thus, unavailable for trial and (2) witnessed by either no one else or the prosecutor in this case, Assistant U.S. Attorney Norman Cairns, who cannot testify.  With respect to these statements, provided an adequate foundation is laid, the Court will allow Defendants to use the statements in the interview reports, themselves, to impeach the witness, although the reports will not be admitted into evidence.  Rather, the process for such impeachment should follow the same process that is used to impeach using a signed or adopted statement.

### III. CONCLUSION

Accordingly, it is ORDERED that the Court's prior ruling on this matter is modified as set forth herein.

DATED:  July   11  , 2012

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge