IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Criminal Case No. 11-cr-00406-CMA

UNITED STATES OF AMERICA,

　　　Plaintiff,

v.

1.　　　MANUEL SANTISTEVAN,
2.　　　DANIEL SHAW,
3.　　　DUSTIN PFEIFFER,

　　　Defendants.

---

### ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION TO QUASH SUBPOENAS

---

This matter is before the Court on the Government's "Motion to Quash

Subpoenas for Trial Testimony of Federal Employees." (Doc. # 185.)  For the reasons

that follow, the motion is granted in part and denied in part.

### I. BACKGROUND

The Court has granted several motions for issuance of subpoenas filed by

Defendants.  On June 26, 2012, the Government filed the instant motion, seeking to

have the Court quash the subpoenas issued to: Officer Ronald Warlick; Lieutenant

Andres Solis; Special Agent Ashley Thorne; Officer Timothy Gould; Lisa A. Johnson;

Charlie Kudlauskas; and Dr. David E. Morrow.  (Doc. # 185.)  The Government's

primary argument is that the testimony of these witnesses will not be relevant, material,

and admissible.  (*See id.* at 7-12.)  Defendant Pfeiffer, the only Defendant to respond to

the Government's motion, argues that the subpoenas were properly issued and that

the testimony of these witnesses is essential to a proper defense.  (*See* Doc. # 193.)

## II.  DISCUSSION

Federal Rule of Criminal Procedure 17(c) authorizes subpoenas for the

production of documentary evidence.  The rule sets forth a procedure and a standard

for challenging such subpoenas: "On motion made promptly, the court may quash

or modify the subpoena if compliance would be unreasonable or oppressive."  The

Supreme Court clarified the meaning of this standard in *United States v. Nixon*, 418

U.S. 683, 700 (1974), holding that a subpoena *duces tecum* is not "unreasonable

or oppressive" if the proponent establishes relevancy, admissibility, and specificity.

The standard is basically the same for subpoenas compelling the attendance of

witnesses – *i.e.*, subpoenas *ad testificandum* – under Rule 17(a).  Although Rule 17(a)

does not prescribe a procedure for quashing witness subpoenas, "courts routinely have

entertained motions seeking such relief and decided them by reference to comparable

principles."  *Stern v. U.S. Dist. Ct.*, 214 F.3d 4, 17 (1st Cir. 2000).  More specifically,

"a subpoena ad testificandum survives scrutiny if the party serving it can show that the

testimony sought is both relevant and material."  *Id.* (citing *United States v. Valenzuela-*

*Bernal*, 458 U.S. 858, 867 (1982)).

In the instant case, the Court has determined that the subpoenas for the following witnesses should not be quashed: Officer Ronald Warlick; Lieutenant Andres Solis; Special Agent Ashley Thorne; and Officer Timothy Gould.  Depending on the testimony of certain Government witnesses, these witnesses may provide relevant and material impeachment evidence.  *See* Court's recent ruling in Doc. # 215.

The Court has also determined that, although a closer question, the subpoena for Lisa Johnson, a staff psychologist at FCI Englewood, should not be quashed. Defendant Pfeiffer asserts that Ms. Johnson offered counseling to Trent Hix, the victim in this case, who allegedly refused such treatment.  Defendant Pfeiffer states that "[s]hould [Hix] testify that he was impacted psychologically, he will be asked whether he was offered counseling and why he declined.  If he disputes being offered counseling or declining it, Ms. Johnson will be called to dispute his testimony." (Doc. # 193 at 12.) The Court doubts that the Government will pursue such a line of apparently irrelevant questioning.  However, if the Government decides to elicit from Hix the psychological effects, if any, of the alleged assault, then Ms. Johnson's testimony might be material impeachment evidence.

The subpoenas for Charlie Kudlauskas and Dr. David E. Morrow, however, should be quashed.  Defendant Pfeiffer suggest that both witnesses would potentially be called to impeach Ryan Greeves, one of the Government's material witnesses. As to Mr. Kudlauskas, Defendant Pfeiffer asserts that: Kudlauskas wrote a February 1, 2011 memo "which indicates that a rape kit examination and/or anoscopy . . . was

recommended to Ryan Greeves"; Greeves declined such an examination; and that

if Greeves were to deny having declined the examination during his expected trial

testimony, Kudlauskas would be called to impeach him.  (*Id.* at 11-12.)  However, the

Government asserts that, based on Greeves's proposed testimony, he was beaten and

choked, but not anally assaulted, immediately before the attack on Hix.  (Doc. # 185

at 8.)  As such, not only does the proposed testimony of Kudlauskas not relate to

the charges in this case, which stem from Defendants' alleged attack on Hix, such

testimony does not appear relevant even to the issue of what happened to Greeves.

Similarly, the proposed impeachment testimony of Dr. Morrow, although perhaps

marginally relevant for impeachment purposes, is not sufficiently material to justify the

required appearance of Dr. Morrow. Dr. Morrow evaluated Greeves's competency to

stand trial in his own criminal case.  The fact that Dr. Morrow determined that Greeves

answered some of his questions dishonestly does not concern any element of the crime

with which Defendants have been charged.  Moreover, to the extent that such evidence

would undercut Greeves's character for truthfulness, it would be inadmissible under

Federal Rule of Evidence 608(b), which provides, in pertinent part, that "extrinsic

evidence is not admissible to prove specific instances of a witness's conduct in order

to attack or support the witness's character for truthfulness."

### III.  CONCLUSION

For the foregoing reasons, it is ORDERED that the Government's "Motion

to Quash Subpoenas for Trial Testimony of Federal Employees" (Doc. # 185) is

GRANTED IN PART to the extent that the subpoenas for Charlie Kudlauskas and

Dr. David E. Morrow SHALL BE QUASHED; the motion is DENIED in all other respects.

DATED:  July   12  , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge