**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Criminal Action No. 11-cr-00406-CMA-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MANUEL SANTISTEVAN,

      Defendant.

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

This Matter is before the Court on Defendant's Motion for Reconsideration (Doc. # 460) of the Court's Order (Doc. # 448) denying his motion to vacate his sentence. The Motion is denied for the following reasons.

## I.      BACKGROUND

Defendant was tried and convicted of aggravated sexual abuse of a federal prisoner, (Doc. # 231), and he was sentenced to 262 months in the custody of the Bureau of Prisons. (Doc. # 366). Defendant appealed, and the Tenth Circuit Court of Appeals affirmed the judgment and sentence. (Doc. # 432). Defendant then filed a motion to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255, asserting that his attorney provided ineffective assistance of counsel. (Doc. # 435). This Court denied Defendant's § 2255 motion in a written order. (Doc. # 448). Defendant now asks the Court to reconsider that order. (Doc. # 460).

## II.   <u>DISCUSSION</u>

Defendant characterizes his Motion as a "Motion for Reconsideration." (Doc. # 460, p. 1). However, before it can consider the merits of the Motion, the Court must determine whether the Motion is a "true" motion for reconsideration, or whether it is merely a second § 2255 motion. The distinction is important because federal law "restrict[s] the power of the federal courts to entertain second or successive applications" for relief under 28 U.S.C. § 2255. *Spitznas v. Boone*, 464 F. 3d 1213, 1215 (10th Cir. 2006). "Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion." *In re Cline*, 531 F. 3d 1249, 1250 (10th Cir. 2008) (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)). A district court does not have jurisdiction to address the merits of a second § 2255 motion until the appropriate court of appeals has granted the required authorization. *Id*. at 1251.

A motion is a "true" motion for reconsideration only if it challenges (1) a procedural ruling that precluded a determination of the original § 2255 motion on the merits; or (2) a defect in the integrity of the § 2255 proceedings. *Spitznas*, 464 F. 3d at 1215-16; *see also United States v. Garcia*, 2016 WL 106487 at *2 (D. Colo. January 11, 2016). By contrast, if a motion merely reasserts the same claims that the court previously rejected, it must be deemed a second or successive § 2255 motion. *Garcia*, 2016 WL 106487 at *2.

It is clear from the text of the Motion that Defendant's "Motion for Reconsideration" is, in fact, a second § 2255 Motion. Defendant's Motion does not

2

allege any procedural error or other defect in the earlier § 2255 proceedings. Rather, he simply reasserts many of the same substantive arguments that he asserted in his fist § 2255 Motion. (*Compare* Doc. # 435 and Doc. # 460). Therefore, his Motion must be construed as a second § 2255 Motion.

Defendant has not obtained the necessary authorization from the Tenth Circuit to file a second § 2255 motion. Therefore, the Court must either dismiss the § 2255 motion for lack of jurisdiction or, if it is "in the interest of justice," transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252.

To determine whether transfer to the Tenth Circuit would be "in the interest of justice," the Court must consider a number of factors, including "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *Id.* at 1251. The Court has considered each of these factors and concludes that they favor dismissal rather than transfer.

The second factor, in particular – likelihood that the claims have merit – militates against transfer. Under Section 2255(h), a federal prisoner seeking to file a second § 2255 motion must demonstrate that the motion is based on (1) newly discovered evidence, § 2255(h)(1); or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255(h)(2). Defendant has not made either showing. Therefore, the claims in Defendant's Motion are not "likely to have merit." *See In re Cline*, 531 F.3d at 1252.

Thus, transfer would not be "in the interest of justice," and the § 2255 motion will be dismissed for lack of jurisdiction.

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *U.S. v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court denies a certificate of appealability because Defendant has not made a substantial showing of the denial of a constitutional right.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Defendant files a notice of appeal he also must pay the appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within 30 days in accordance with Fed. R. App. P. 24.

## I.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration (Doc. # 460) is DISMISSED for lack of jurisdiction. Further, under 28 U.S.C. § 2253(c)(2) and Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District

Courts, a certificate of appealability is DENIED. And finally, leave to proceed *in forma pauperis* on appeal is DENIED without prejudice. Defendant may file of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED: November 25,2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge